IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | )  Case No. CR-18-273-D |
| ENRIQUE LARA, | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's *pro se* "Motion for Reconsideration of 3582 Denial Pursuant to Rule 60(b), Fed. R. Civ. P." [Doc. No. 123]. Liberally construed, Defendant asks the Court to reconsider its Order of June 25, 2020 [Doc. No. 122], dismissing his motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), commonly known as compassionate release. The government has filed a response [Doc. No. 127] in which it argues that Defendant has failed to show a sufficient reason for reconsideration of the June 25 Order. Upon consideration, the Court finds that its prior ruling was correct.[1]

---

[1] The court of appeals has held that "motions to reconsider in criminal cases are not grounded in a rule or statute" but fall within a district court's inherent authority. *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011). The court of appeals in *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014), endorsed the civil standard for use in criminal cases:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*.

Defendant filed his initial motion for compassionate release on June 1, 2020, based on an outbreak of COVID-19 cases at his place of confinement, FCI-Milan, Michigan. He asked the Court either to reduce his prison sentence to a term of time served, or to order the Bureau of Prisons ("BOP") to place him in home confinement. The Court dismissed the motion because Defendant failed to show that he had satisfied a statutory precondition, namely, either exhaustion of administrative remedies or "the lapse of 30 days from the receipt of such a request [for BOP to bring a motion on the defendant's behalf] by the warden of the defendant's facility, whichever is earlier." *Id*. § 3582(c)(1)(A).

By the instant Motion, Defendant asserts that he satisfied the second means of procedural compliance by submitting a request to the warden of FCI-Milan by email. He submits a copy of an email message dated March 28, 2020, that he sent to "Warden" and addressed to "Mr. Hemingway." *See* Def.'s Mot. Ex. 1 [Doc. No. 123-1]. The message contains a heading: "FORMAL REQUEST FOR CONSIDERATION OF REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. 3582, 4205(g)." *Id*. (capitalization in original). The body of the message, however, simply references the pandemic, states Defendant's concerns about his family, the health of his elderly mother, and his wife's work in a medical profession, and expresses remorse for his criminal conduct. Concerning his own health, the message states only that Defendant is "legally blind" and has "a week [sic] immune system" so he fears that contracting the coronavirus would be fatal. *Id*. Then, after noting his "wife's income is substantial" and he plans on "earning a decent wage," the email concludes with the following statement: "I am formally requesting to be placed on HOME

CONFINEMENT pursuant to the new CARES ACT passed and the First Step Act, compassionately." *Id.* (emphasis in original).[2]

The government does not challenge the authenticity of the email message, even though it had previously represented that no email request could be found. *See* Govt's Resp. Def.'s Mot. Compassionate Release [Doc. No. 121] at 2 & Ex. 1 [Doc. No. 121-1]. The government instead argues, in pertinent part, that the substance of Defendant's message was insufficient to constitute a request for BOP to consider filing a compassionate release motion on his behalf. According to the government, Defendant's "email to the Warden could only be construed as a request to be placed on home confinement and not as a document triggering the exhaustion requirement." *See* Resp. Br. at 3. The Court agrees.

Even giving Defendant's message the most liberal interpretation that can reasonably be made, the Court finds that it was insufficient to satisfy § 3581(c)(1)(A). Defendant did not ask in the email to be considered for a reduction of his prison sentence. Defendant did not mention his sentence, how much time he had served, or what remained to be served, nor did he give any reason why he should not be required to complete his prison term. Defendant instead listed reasons why he wanted to return home and be reunited with his

---

[2] Defendant's reference to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281, 516 (2020), probably means a provision that permits the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." *See* CARES Act, § 12003(b)(2). The CARES Act thus grants the BOP discretion to expand the use of home confinement during the COVID-19 pandemic. The First Step Act of 2018 expanded the availability of home confinement as a BOP placement option and established a pilot program for eligible elderly and terminally ill inmates. *See* 34 U.S.C.A. § 60541. A defendant placed in home confinement remains in BOP custody and subject to BOP's direct control.

family, and he expressly requested a placement of home confinement. Under the circumstances, the Court finds that Defendant has not shown he made a written request to the warden of his facility for a reduction in sentence pursuant to § 3582(c)(1)(A) before filing a motion in court.

Defendant argues that his email request was sufficient to trigger § 3582(c)(1)(A), like the inmate's request in *United States v. Head*, No. 2:08-CR-00093-KJM-2, 2020 WL 3180149 (E.D. Cal. June 15, 2020). *See* Def.'s Mot. at 1-2. This argument ignores the substance of the email in *Head*, which was starkly different from Defendant's message. A copy of Mr. Head's email to the warden of his facility was submitted to the district court as an exhibit, and the court quoted from it as follows:

> "I AM REQUESTING THAT THE BOP SUBMIT A MOTION ON MY BEHALF FOR IMMEDIATE RELEASE PURSUANT TO 18 USC 3582(C)(1)(A)--(COMPASSIONATE RELEASE)--DUE TO THE COVID-19 VIRUS AND MY PREEXISTING CONDITIONS RENDERING ME VULNERABLE TO THE DISEASE."

*Head*, 2020 WL 3180149 at *3. This message clearly invoked the compassionate release provision of § 3582(c)(1)(A). Defendant's message did not, nor did BOP treat it as a request for a sentence reduction (given that FCI-Milan kept no record of it).

In summary, Defendant's email request, even if timely submitted to the Court for consideration in connection with his prior motion, would have been insufficient to satisfy the statutory minimum requirement of a lapse of 30 days after a request to the warden of FCI-Milan for compassionate release from BOP custody. The Court reaffirms its prior ruling that "Defendant's failure to satisfy a mandatory requirement of § 3582(c)(1)(A)

forecloses judicial action." *See* 6/25/20 Order [Doc. No. 122] at 3.  Therefore, the Court finds that Defendant's motion for relief under § 3582(c)(1)(A) was properly dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration [Doc. No. 123] is DENIED.

IT IS SO ORDERED this 11th day of August, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge